OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the motion to suppress physical evidence granted and the petition dismissed.
The only relevant evidence admitted at the suppression hearing was that when the police officer grabbed a brown object in respondent’s hand, he "wasn’t sure what it was” and that, upon grabbing it, he felt "numerous small hard objects” in it. The officer pulled the object out of respondent’s hand, discovered that it was a brown paper bag, and opened it "to see what it was.” There is no theory under which this evidence could have given the officer probable cause to search respondent’s bag (see, People v McNatt, 65 NY2d 1046, 1048). Since no justification for the warrantless search was presented, the seizure of the contraband was illegal and the motion to suppress should have been granted.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, without costs, respondent’s motion to suppress physical evidence granted and petition dismissed in a memorandum.